IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| EDWARD HIMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 316-056 |
| FNU EMMONS, Warden; DEANN MORRIS, Medical Administrator; MICHAEL SEWARD, Doctor; FNU BODI, PA; FNU PULLIN, Nurse; FNU Smith, Nurse, | ) ) ) ) ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a former inmate at Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 *pro se* and is proceeding *in forma pauperis* ("IFP"). (Doc. nos. 1, 3.) Plaintiff's mail was recently returned as undeliverable with a notation that Plaintiff has been released. (Doc. no. 4.) Plaintiff has not updated his address, and as a result, Plaintiff has saddled the Court with a stagnant case.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible

sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to update his address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Further, the lack of an updated mailing address leaves the Court with no way to communicate with Plaintiff and saddles the Court with a stagnant case. The Court also forewarned Plaintiff that a failure to immediately notify the Court with a change of address would result in dismissal. (Doc. no. 3, p. 4.) However, the Court finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff has

already chosen not to pay the filing fee necessary to commence a case in District Court.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 16th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA